ACCEPTED
15-25-00197-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/7/2025 1:28 PM
CHRISTOPHER A. PRINE
CLERK

| **Appellate Docket Number:** | |
|---|---|
| **Appellate Case Style:** | |
| **Vs.** | |
| **Companion Case(s):** | |

Amended/Corrected Statement

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/7/2025 1:28:10 PM
CHRISTOPHER A. PRINE
Clerk

# DOCKETING STATEMENT (Civil)

Appellate Court:

(to be filed in the court of appeals upon perfection of appeal under TRAP 32)

*NOTE: Because space for additional parties / attorneys is limited on this form, you can include the information on a separate document. As per TRAP 32.1 and 9.4, please include party's name and the name, address, email address, telephone number, fax number, if any, and State Bar Number of the party's lead counsel. If the party is not represented by an attorney, that party's name, address, telephone number, fax number should be provided.*

| **I. Appellant** | **II. Appellant Attorney(s) - Continued** |
|---|---|
| Person    Organization | ☐ Lead Attorney |
| Name: | Name: |
| Pro Se | Bar No. |
| ***If Pro Se Party, enter the following information:*** | Firm/Agency: |
| Address: | Address 1: |
| City/State/Zip: | Address 2: |
| Tel.          Ext.          Fax: | City/State/Zip: |
| Email: | Tel.          Ext.          Fax: |
| **II. Appellant Attorney(s)** | Email: |
| ☐ Lead Attorney | ☐ Lead Attorney |
| Name: | Name: |
| Bar No. | Bar No. |
| Firm/Agency: | Firm/Agency: |
| Address 1: | Address 1: |
| Address 2: | Address 2: |
| City/State/Zip: | City/State/Zip: |
| Tel.          Ext.          Fax: | Tel.          Ext.          Fax: |
| Email: | Email: |
| ☐ Lead Attorney | ☐ Lead Attorney |
| Name: | Name: |
| Bar No. | Bar No. |
| Firm/Agency: | Firm/Agency: |
| Address 1: | Address 1: |
| Address 2: | Address 2: |
| City/State/Zip: | City/State/Zip: |
| Tel.          Ext.          Fax: | Tel.          Ext.          Fax: |
| Email: | Email: |

| III. Appellee | IV. Appellee Attorney(s) - Continued |
|---|---|
| Person    Organization <br><br> Name: <br><br> Pro Se <br><br> *If Pro Se Party, enter the following information:* <br><br> Address: <br><br> City/State/Zip: <br><br> Tel.            Ext.        Fax: <br><br> Email: | Lead Attorney <br><br> Name: <br><br> Bar No. <br><br> Firm/Agency: <br><br> Address 1: <br><br> Address 2: <br><br> City/State/Zip: <br><br> Tel.              Ext.        Fax: <br><br> Email: |
| **IV. Appellee Attorney(s)** | |
| Lead Attorney <br><br> Name: <br><br> Bar No. <br><br> Firm/Agency: <br><br> Address 1: <br><br> Address 2: <br><br> City/State/Zip: <br><br> Tel.            Ext.        Fax: <br><br> Email: | Lead Attorney <br><br> Name: <br><br> Bar No. <br><br> Firm/Agency: <br><br> Address 1: <br><br> Address 2: <br><br> City/State/Zip: <br><br> Tel.              Ext.        Fax: <br><br> Email: |
| Lead Attorney <br><br> Name: <br><br> Bar No. <br><br> Firm/Agency: <br><br> Address 1: <br><br> Address 2: <br><br> City/State/Zip: <br><br> Tel.            Ext.        Fax: <br><br> Email: | Lead Attorney <br><br> Name: <br><br> Bar No. <br><br> Firm/Agency: <br><br> Address 1: <br><br> Address 2: <br><br> City/State/Zip: <br><br> Tel.              Ext.        Fax: <br><br> Email: |

## V. Perfection of Appeal, Judgment and Sentencing

Nature of Case (Subject matter or type of case):

Date Order or Judgment signed:                Type of Judgment:

Date Notice of Appeal filed in Trial Court:

     If mailed to the Trial Court clerk, also give the date mailed:

Interlocutory appeal of appealable order:      Yes      No

     If yes, please specify statutory or other basis on which interlocutory order is appealable (See TRAP 28):

---

Accelerated Appeal (See TRAP 28):      Yes      No

     If yes, please specify statutory or other basis on which appeal is accelerated:

---

Parental Termination or Child Protection? (See TRAP 28.4):      Yes      No

Permissive? (See TRAP 28.3):      Yes      No

     If yes, please specify statutory or other basis for such status:

---

Agreed? (See TRAP 28.2):      Yes      No

     If yes, please specify statutory or other basis for such status:

---

Appeal should receive precedence, preference, or priority under statute or rule?      Yes      No

     If yes, please specify statutory or other basis for such status:

---

Does this case involve an amount under $100,000?      Yes      No

Judgment or Order disposes of all parties and issues?      Yes      No

Appeal from final judgment?      Yes      No

Does the appeal involve the constitutionality or the validity of a statute, rule, or ordinance?      Yes      No

If yes, you must also complete and file the Challenge to Constitutionality of a State Statute form.

     If yes, is the Attorney General of Texas a party to the case?      Yes      No

## VI. Actions Extending Time to Perfect Appeal

| | | | |
|---|---|---|---|
| Motion for New Trial: | Yes | No | If yes, date filed: |
| Motion to Modify Judgment: | Yes | No | If yes, date filed: |
| Request for Findings of Fact and Conclusions of Law: | Yes | No | If yes, date filed: |
| Motion to Reinstate: | Yes | No | If yes, date filed: |
| Motion under TRCP 306a: | Yes | No | If yes, date filed: |
| Other: | Yes | No | |

     If Other, please specify:

| VII. Indigency of Party (Attach file stamped copy of Statement and copy of the trial court order.) |
|---|
| Was Statement of Inability to Pay Court Costs filed in the trial court?   Yes   No |
| If yes, date filed: |
| Was a Motion Challenging the Statement filed in the trial court?   Yes   No |
| If yes, date filed: |
| Was there any hearing on appellant's ability to afford court costs?   Yes   No |
| Hearing Date: |
| Did trial court sign an order under Texas Rule of Civil Procedure 145?   Yes   No |
| Date of Order: |
| If yes, trial court finding:   Challenge Sustained   Overruled |

| VIII. Bankruptcy |
|---|
| Has any party to the court's judgment filed for protection in bankruptcy which might affect this appeal? |
| Yes   No |
| If yes, please attach a copy of the petition. |
| Date bankruptcy filed: |
| Bankruptcy Case Number: |

### IX. Trial Court and Record

| | |
|---|---|
| Court: | **Clerk's Record** |
| County: | Trial Court Clerk:   District   County |
| Trial Court Docket No. (Cause No.): | Was Clerk's record requested?   Yes   No |
| | If yes, date requested: |
| Trial Court Judge (who tried or disposed of the case): | If no, date it will be requested: |
| Name: | Were payment arrangements made with clerk? |
| Address 1: | Yes   No   Indigent |
| Address 2: | **(Note: No request required under TRAP 34.5(a),(b).)** |
| City/State/Zip: | |
| Tel.   Ext.   Fax: | |
| Email: | |

## IX.  Trial Court and Record - Continued

**Reporter's or Recorder's Record**

Is there a Reporter's Record?        Yes        No

Was Reporter's Record requested?        Yes        No

     If yes, date requested:

     If no, date it will be requested:

Was the Reporter's Record electronically recorded?        Yes        No

Were payment arrangements made with the court reporter/court recorder?        Yes        No        Indigent

| Court Reporter    Court Recorder<br>Official    Substitute | Court Reporter    Court Recorder<br>Official    Substitute |
|---|---|
| Name: | Name: |
| Address 1: | Address 1: |
| Address 2: | Address 2: |
| City/State/Zip: | City/State/Zip: |
| Tel.    Ext.    Fax: | Tel.    Ext.    Fax: |
| Email: | Email: |

## X.  Supersedeas Bond

Supersedeas bond filed?        Yes        No

    If yes, date filed:

    If no, will file?        Yes        No

## XI.  Extraordinary Relief

Will you request extraordinary relief (e.g., temporary or ancillary relief) from this Court?        Yes        No

    If yes, briefly state the basis for your request:

## XII.  Alternative Dispute Resolution/Mediation
### (Complete section if filing in the 1st, 2nd, 4th, 5th, 6th, 8th, 10th, 11th, 13th, or 14th Court of Appeals.)

Should this appeal be referred to mediation?     Yes     No

    If no, please specify:

Has this case been through an ADR procedure?     Yes     No

    If yes, who was the mediator?

    What type of ADR procedure?

    At what stage did the case go through ADR?     Pre-Trial     Post-Trial     Other

      If other, please specify:

Type of Case?

    Give a brief description of the issue to be raised on appeal, the relief sought, and the applicable standard for review, if known (without prejudice to the right to raise additional issues or request additional relief):

How was the case disposed of?

Summary of relief granted, including amount of money judgment, and if any, damages awarded.

    If money judgment, what was the amount? Actual damages:

    Punitive (or similar) damages:

    Attorney's fees (trial):

    Attorney's fees (appellate):

    Other:

      If other, please specify:

Will you challenge this Court's jurisdiction?     Yes     No

Does judgment have language that one or more parties "take nothing"?     Yes     No

Does judgment have a Mother Hubbard clause?     Yes     No

Other basis for finality:

## XII. Alternative Dispute Resolution/Mediation - Continued
### (Complete section if filing in the 1st, 2nd, 4th, 5th, 6th, 8th, 10th, 11th, 13th, or 14th Court of Appeals.)

Rate the complexity of the case (use 1 for least and 5 for most complex):  1  2  3  4  5

Please make my answer to the preceding questions known to other parties in this case?  Yes  No

Can the parties agree on an appellate mediator?  Yes  No

    If yes, please give the name, address, telephone, fax, and email address:

    Name:

    Address:

    Telephone:                 Ext.

    Fax:

    Email:

Languages other than English in which the mediator should be proficient:


Name of the person filling out mediation section of docketing statement:


## XIII. Related Matters

List any pending or past related appeals before this, or any other Texas Appellate Court, by Court, Docket, and Style.

Court:                            Docket:

Style:

   Vs.

Court:                            Docket:

Style:

   Vs.

Court:                            Docket:

Style:

   Vs.

Court:                            Docket:

Style:

   Vs.

Court:                            Docket:

Style:

   Vs.

Court:                            Docket:

Style:

   Vs.

## XIV.  Pro Bono Program:
### (Complete section if filing in the 1st, 2nd, 3rd, 5th, 7th, 13th or 14th Court of Appeals.)

The Courts of Appeals listed above, in conjunction with the State Bar of Texas Appellate Section Pro Bono Committee and local Bar Associations, are conducting a program to place a limited number of civil appeals with appellate counsel who will represent the appellant in the appeal before this Court.

The Pro Bono Committee is solely responsible for screening and selecting the civil cases for inclusion in the Program based upon a number of discretionary criteria, including the financial means of the appellant or appellee.  If a case is selected by the Committee, and can be matched with appellate counsel, that counsel will take over representation of the appellant or appellee without charging legal fees.  More information regarding this program can be found in the Pro Bono Program Pamphlet available in paper form at the Clerk's Office or on the Internet at http://www.tex-app.org.  If your case is selected and matched with a volunteer lawyer, you will receive a letter from the Pro Bono Committee within thirty (30) to forty-five (45) days after submitting this Docketing Statement.

Note: there is no guarantee that if you submit your case for possible inclusion in the Pro Bono Program, the Pro Bono Committee will select your case and that pro bono counsel can be found to represent you.  Accordingly, you should not forego seeking other counsel to represent you in this proceeding.  By signing your name below, you are authorizing the Pro Bono committee to transmit publicly available facts and information about your case, including parties and background, through selected Internet sites and Listserv to its pool of volunteer appellate attorneys.

Do you want this case to be considered for inclusion in the Pro Bono Program?      Yes      No

Do you authorize the Pro Bono Committee to contact your trial counsel of record in this matter to answer questions the committee may have regarding the appeal?      Yes      No

Please note that any such conversations would be maintained as confidential by the Pro Bono Committee and the information used solely for the purposes of considering the case for inclusion in the Pro Bono Program.

If you have not previously filed a Statement of Inability to Pay Court Costs and attached a file-stamped copy of that Statement, does your income exceed 200% of the U.S. Department of Health and Human Services Federal Poverty Guidelines?      Yes      No

These guidelines can be found in the Pro Bono Program Pamphlet as well as on the internet at http://aspe.hhs.gov/poverty/06poverty.shtml.

Are you willing to disclose your financial circumstances to the Pro Bono Committee?      Yes      No

> If yes, please attach a Statement of Inability to Pay Court Costs completed and executed by the appellant or appellee. Sample forms may be found in the Clerk's Office or on the internet at http://www.tex-app.org.  Your participation in the Pro Bono Program may be conditioned upon your execution of a Statement under oath as to your financial circumstances.

Give a brief description of the issues to be raised on appeal, the relief sought, and the applicable standard of review, if known (without prejudice to the right to raise additional issues or request additional relief; use a separate attachment, if necessary).

## XV. Fifteenth Court of Appeals Jurisdiction

Effective 9/1/24, certain cases filed with this court must be transferred to the new Fifteenth Court of Appeals (See SB 1045, 88th Legislature, Regular Session). To assist the court in the orderly transfer or cases, please complete the following information.

Does this appeal involve a matter brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education as defined by Section 61.003, Education Code, or by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer 's or employee 's official conduct?     Yes     No

If the answer is yes, does this appeal involve:

      a proceeding brought under the Family Code and any related motion or proceeding;
      a proceeding brought under Chapter 7B or Article 17.292, Code of Criminal Procedure;
      a proceeding brought against a district attorney, a criminal district attorney, or a county attorney with criminal jurisdiction;
      a proceeding relating to a mental health commitment;
      a proceeding relating to civil asset forfeiture;
      a condemnation proceeding for the acquisition of land or a proceeding related to eminent domain;
      a proceeding brought under Chapter 101, Civil Practice and Remedies Code;
      a claim of personal injury or wrongful death;
      a proceeding brought under Chapter 125, Civil Practice and Remedies Code, to enjoin a common nuisance;
      a proceeding brought under Chapter 55, Code of Criminal Procedure;
      a proceeding under Chapter 22A, Government Code;
      a proceeding brought under Subchapter E-1, Chapter 411, Government Code;
      a proceeding brought under Chapter 21, Labor Code;
      a removal action under Chapter 87, Local Government Code;
      a proceeding brought under Chapter 841, Health and Safety Code;

## XVI. Signature

| | |
|---|---|
| Signature of counsel (or Pro Se Party) | Date |
| Printed Name | State Bar No. |
| Electronic Signature (Optional) | Name |

## XVII. Certificate of Service

The undersigned counsel certifies that this Docketing Statement has been served on the following lead counsel for all parties to the Trial Court's Order or Judgment as follows on:

| | |
|---|---|
| Signature of counsel (or Pro Se Party) | Electronic Signature (Optional) |
| State Bar No. | |

Certificate of Service Requirements (TRAP 9.5(e)): A certificate of service must be signed by the person who made the service and must state:

    (1)  the date and manner of service;
    (2)  the name and address of each person served, and
    (3)  if the person served is a party's attorney, the name of the party represented by the attorney.

| **Please enter the following for each person served:** | |
|---|---|
| Date Served: | Date Served: |
| Manner Served: | Manner Served: |
| Name: | Name: |
| Bar No. | Bar No. |
| Firm/Agency: | Firm/Agency: |
| Address 1: | Address 1: |
| Address 2: | Address 2: |
| City/State/Zip: | City/State/Zip: |
| Tel.          Ext.          Fax: | Tel.          Ext.          Fax: |
| Email: | Email: |
| Party: | Party: |
| Date Served: | Date Served: |
| Manner Served: | Manner Served: |
| Name: | Name: |
| Bar No. | Bar No. |
| Firm/Agency: | Firm/Agency: |
| Address 1: | Address 1: |
| Address 2: | Address 2: |
| City/State/Zip: | City/State/Zip: |
| Tel.          Ext.          Fax: | Tel.          Ext.          Fax: |
| Email: | Email: |
| Party: | Party: |
| Date Served: | |
| Manner Served: | |
| Name: | |
| Bar No. | |
| Firm/Agency: | |
| Address 1: | |
| Address 2: | |
| City/State/Zip: | |
| Tel.          Ext.          Fax: | |
| Email: | |
| Party: | |

| **Please enter the following for each person served that is not an attorney for a party:** | |
|---|---|
| Date Served:<br>Manner Served:<br>Name:<br>Address 1:<br>Address 2:<br>City/State/Zip:<br>Tel.           Ext.<br>Fax:<br>Email: | Date Served:<br>Manner Served:<br>Name:<br>Address 1:<br>Address 2:<br>City/State/Zip:<br>Tel.           Ext.<br>Fax:<br>Email: |
| Date Served:<br>Manner Served:<br>Name:<br>Address 1:<br>Address 2:<br>City/State/Zip:<br>Tel.           Ext.<br>Fax:<br>Email: | Date Served:<br>Manner Served:<br>Name:<br>Address 1:<br>Address 2:<br>City/State/Zip:<br>Tel.           Ext.<br>Fax:<br>Email: |
| Date Served:<br>Manner Served:<br>Name:<br>Address 1:<br>Address 2:<br>City/State/Zip:<br>Tel.           Ext.<br>Fax:<br>Email: | Date Served:<br>Manner Served:<br>Name:<br>Address 1:<br>Address 2:<br>City/State/Zip:<br>Tel.           Ext.<br>Fax:<br>Email: |

**Attachment (A) to Docketing Statement**
Fifteenth Court of Appeals
Austin, Texas

Case Style: DOMINIQUE REED v. CYPRESS CREEK AT SOUTH CEDAR

Trial Court Case No: 25CCV01420

Appellate Case No: 03-25-00808-CV/Transferred Case- Awaiting Fifteenth Court of Appeals
Case No.

## <u>Issues to Be Raised on Appeal</u>

●     Whether the trial court committed reversible error by presiding over the forcible-detainer action, thereby lacking fundamental subject-matter jurisdiction, due to the landlord's reliance on a nullified and extinguished notice to vacate that failed the requirement of strict compliance with Texas Property Code § 24.005 and Texas Rule of Civil Procedure 510.3(a).

●     Whether the landlord's agent's instruction to make payment and subsequent acceptance of said payment constituted a waiver *per se* of the June 5, 2025 notice to vacate, thereby extinguishing any jurisdictional predicate for the eviction suit.

●     Whether private lease clauses such as non-waiver clauses or holding-over provisions are inoperable to confer subject-matter jurisdiction or override mandatory, statutory notice requirements under § 24.005.

●     Whether the court failed to apply mandatory federal and state regulatory protections for residents of Low-Income Housing Tax Credit (LIHTC) properties, which explicitly require the 'good cause' standard for evictions (26 U.S.C. § 42(h)(6)(E)(ii) and 10 Tex. Admin. Code § 10.613).

●     Whether the court failed to consider the substantive defenses and procedural restrictions imposed by the Violence Against Women Act (VAWA) (34 U.S.C. § 12491) where applicable, and failed to scrutinize the timing of the forcible detainer filing subsequent to Appellant's receipt and use of State Crime Victims Compensation Relocation Funds intended for housing stabilization as evidence that the landlord's action lacked the requisite 'good cause' under protected tenancy provisions.

## Jurisdictional Foundation

● Jurisdiction in eviction cases is strictly statutory. Texas courts possess jurisdiction only when a landlord has demonstrated strict compliance with the requirements of Texas Property Code § 24.005 and Texas Rule of Civil Procedure 510.3(a), including the provision of a valid, written notice to vacate that matches the rental period for which possession is sought. A court that proceeds without such compliance acts outside its vested authority, and the resultant judgment is void for lack of subject-matter jurisdiction. The landlord's action relies on an extinguished June 5 notice that was rendered ineffectual by the Appellant's subsequent cure.

## Statutory Notice and Rent Acceptance

● Texas law mandates that a separate, effective notice to vacate must be issued for each rental period claimed in an eviction. If a landlord issues a notice to vacate but then accepts rent for that same period, the notice is conclusively waived and extinguished. This controlling principle dictates that the landlord must serve a new statutory notice before re-filing suit. Specifically, the June 5,2025 notice to vacate was nullified when the property manager affirmed Appellant could cure the payment before any eviction filing, and the Appellant did in fact cure the notice to vacate default prior to the filing of the eviction petition. The landlord's reliance on the extinguished June notice as the predicate for forcible detainer constitutes a jurisdictional defect. Critically, no private lease clause can override these jurisdictional and statutory prerequisites.

## Federal Housing Protections: LIHTC and VAWA

● For tenants residing in units regulated by the Low-Income Housing Tax Credit (LIHTC) program, federal and state regulations require that evictions occur only for good cause. See 26 U.S.C. § 42(h)(6)(E)(ii); 10 Tex. Admin. Code § 10.613. The Texas Department of Housing and Community Affairs (TDHCA) enforces these standards. Specifically, the notice to vacate concerning the rental period of June was cured by the Appellant prior to the filing of the petition for forcible detainer, thereby eliminating the element of default required to establish 'good cause' for termination of the tenancy. A defective, expired, or cured notice to vacate does not satisfy the LIHTC requirement for 'good cause' and renders the eviction unlawful.

● Additionally, the Violence Against Women Act (VAWA), codified at 34 U.S.C. § 12491, restricts evictions of victims of domestic violence, requiring enhanced procedures and justifications. The facts demonstrate that the eviction proceedings were initiated subsequent to the Appellant's receipt and utilization of State Crime Victims Compensation Relocation Funds,

a one-time payment provided for housing stabilization. This timing must be considered when evaluating the landlord's burden to prove 'good cause' for termination, raising a material issue as to whether the action violated the Appellant's protected status and utilized the court system for an improper purpose, which the trial court failed to adjudicate.

## Relief Sought

Appellant respectfully requests that the Fifteenth Court of Appeals:

1.     Vacate the judgment for possession as void *ab initio* for lack of subject-matter jurisdiction;

2.     Dismiss the underlying forcible-detainer action with prejudice;

3.     In the alternative, Appellant requests that the judgment be vacated and the case dismissed without prejudice, or remanded for further proceedings consistent with applicable law;

4.     Maintain the appellate stay under Texas Rule of Appellate Procedure 24.4(c) pending final resolution.

## Standard of Review

All issues concerning subject-matter jurisdiction, statutory notice compliance under Texas Property Code § 24.005, Rule 510.3(a), and federal housing rights under LIHTC and VAWA are reviewed de novo (a non-deferential, plenary review). Appellant reserves the right to raise additional issues and refine the standard of review in subsequent briefing.

## Certificate of Service

I certify that a true and correct copy of this Attachment (A) to the Docketing Statement was served on Alex Barclay and Joshua Anderson Plaintiff's Attorney of record, on November 7, 2025 via eFileTexas.

Dominique Reed and Dakota Hill

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107805372
Filing Code Description: Docketing Statement
Filing Description: Docketing Statement/Attachment (A)
Status as of 11/7/2025 3:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alex Barclay | | barclay@hooverslovacek.com | 11/7/2025 1:28:10 PM | SENT |
| Dominique ACReed | | dominique.ac.reed@outlook.com | 11/7/2025 1:28:10 PM | SENT |
| Christy Case | | manager.ccsc@bonnercarrington.com | 11/7/2025 1:28:10 PM | SENT |
| Joshua Anderson | | janderson@hooverslovacek.com | 11/7/2025 1:28:10 PM | SENT |